IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD SAGER** also known as JERRY SAGER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    2:21cv1366 )    **Electronic Filing** |
| **DAVISON DESIGN & DEVELOPMENT, INC.** | ) ) ) |
| Defendant. | ) ) |

# **OPINION**

Gerald Sager ("plaintiff") commenced this proceeding by filing an application to vacate an arbitration award, or, alternatively and in the event vacatur is denied, to confirm, enter judgment on and enforce the award. Davison Design & Development, Inc. ("defendant"), filed a motion to dismiss pursuant to Rule 12(b)(1), challenging the court's jurisdiction to consider the application. The parties have fully briefed the issue raised by defendant's motion. For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction to adjudicate plaintiff's application. Accordingly, defendant's motion will be granted and plaintiff's application will be dismissed without prejudice.

Plaintiff's "application" consists of one paragraph and his motion to vacate provides in pertinent part:

> Pursuant to Title 9 U.S.C. § 1 *et seq*. and other applicable law, Movant, Jerry Sager ("Sager"), hereby, respectfully, moves the Court, for the reasons set forth in the accompanying brief, to vacate an American Arbitration Association award ("Award") dated July 21, 2021 and rendered by Arbitrator, Michael J. Betts ("Arbitrator"), in Arbitration No. 01-21-0002-0883 ("Arbitration"), or, in the alternative and in the event the Motion to Vacate is denied, a confirmation of the Award, an Entry of Judgment, and enforcement of the Award and Judgment.

Motion to Vacate (Doc. No. 3) at 1. Neither of these documents seeks to establish subject matter jurisdiction beyond the reference to the Federal Arbitration Act at 9 U.S.C. § 1 *et seq.* ("FAA").

Plaintiff's brief provides the following on jurisdiction and venue:

## II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 9 U.S.C. § 2, as the underlying controversy by and between Sager and Davison pertains to a contract concerning, involving, and affecting interstate commerce.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 9 U.S.C. §§ 10-11, as the Award was entered in the Western District of Pennsylvania.

Plaintiff's Brief in Support (Doc. No. 4) at 1. Plaintiff's brief does not identify any other basis for federal jurisdiction.

Moreover, the gravamen of plaintiff's application unequivocally seeks relief on the grounds that the arbitrator failed to recognize the essential components of the parties' contractual agreement. See, e.g., Brief in Support at ¶¶ 21 & 22. In doing so, the arbitrator purportedly failed to render an award that drew its essence from the parties' contract and ran afoul of the FAA. Id. at ¶ 22.

Defendant moves to dismiss for lack of subject matter jurisdiction. It contends that jurisdiction does not exist because the FAA does not in itself supply a basis for it and there is no other basis present to meet the "arising under" requirement for federal question jurisdiction under 28 U.S.C. §§ 1331 or 1337. Plaintiff's application assertedly is not predicated on a federal cause of action. Nor does plaintiff's claim for relief depend upon the resolution of a substantial question of federal law. In other words, plaintiff merely seeks review of the Award pursuant to a state-law claim for breach of contract and the amount in controversy requirement for diversity jurisdiction cannot be satisfied. Thus, defendant maintains that this court lacks the authority to

act on plaintiff's application and the instant proceeding therefore must be dismissed without prejudice.

Plaintiff responds that the nature of the parties' business dealings and their underlying contract supply a basis for subject matter jurisdiction. First, plaintiff is an inventor and defendant is an invention promoter. And the underlying contract calls for developmental and promotional services in conjunction with efforts by plaintiff to apply for a patent and bring an invention to market. Thus, plaintiff contends that the controversy between that parties stems from a contract that falls under the American Inventor's Protection Act, 35 U.S.C. § 297, and 28 U.S.C. § 1338, which provides jurisdiction for "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," and thus the nature of the parties' contract provides a further basis for federal question jurisdiction.

Second, plaintiff notes that the underlying contract pertains to matters involving and affecting interstate commerce. In this regard the contract involved activities in interstate commerce and defendant is engaged in business activities within interstate commerce. And defendant purportedly engaged in false, misleading or deceptive activities in promoting and representing its role in performing the services related to patenting and promoting the product, which also provides a basis for subject matter jurisdiction in this court pursuant to § 1338 and the doctrine of pendent jurisdiction. Thus, plaintiff maintains that under either of these two approaches, this court has subject matter jurisdiction to adjudicate his application to vacate the arbitration award.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). In evaluating a 12(b)(1) motion, the court first must determine whether the motion attacks the complaint on its face or on its facts. See Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir.

3

2000) (citing Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). As with a 12(b)(6) motion, a court evaluating a facial challenge must accept the allegations in the complaint as true, and disposition of the motion becomes purely a legal question. Mortenson, 549 F.2d at 891. In contrast, if the motion disputes the existence of subject matter jurisdiction in fact, then "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In considering either a facial or factual challenge, the burden remains on the plaintiff to establish "that the case is properly before the court at all stages of the litigation." Tobin v. United States, 170 F. Supp.2d 472, 476 (D.N.J. 2001).

The FAA authorizes the filing of several forms of relief in conjunction with the enforcement and administration of arbitration agreements. Among these are the commencement of a proceeding to compel arbitration pursuant to Section 4 of the FAA as well as applications to confirm, vacate, modify or correct an arbitral award under Sections 9, 10, and 11. Badgerow v. Walters, -- U.S. --, 142 S. Ct. 1310, 1314 (2022). But the FAA does not create federal subject matter jurisdiction for these filings. Id. Instead, an "independent jurisdictional basis" must exist before a federal court may resolve these matters. Id. (quoting Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008)).

As a general matter, federal district courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Id. (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Congress has vested these courts with jurisdiction over two main types of cases: diversity cases - suits between citizens of different States where the amount in controversy is more than $75,000.00, see 28 U.S.C. § 1332(a), and federal question cases - suits "arising under" federal law. Id. (citing 28 U.S.C. §§ 1331 & 1332).

Federal question jurisdiction exists in "civil actions arising under" federal law. Goldman, 834 F.3d at 249; Badgerow, 142 S. Ct. at 1316. Typically, an action arises under federal law if that law "creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). "However, even if the cause of action is based on state law, there is a 'special and small category of cases in which arising under jurisdiction still lies.'" Goldman, 834 F.3d at 249. Jurisdiction for cases within this category can be invoked pursuant to the analysis set forth in the Supreme Court's opinion in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005). Pursuant to Grable, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Goldman, 834 F.3d at 249 (quoting Gunn, 133 S. Ct. at 1065 (summarizing the jurisdictional test set forth in Grable)).

Properly invoking federal question jurisdiction under either the traditional "arising under" approach or the more uncommon Grable scenario is dependent upon the party who is asserting federal jurisdiction having satisfied "the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Goldman, 834 F.3d at 249 (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9–11 (1983)). In other words, the averments of "a well-pleaded complaint" must establish that a federal law creates the cause of action upon which relief is sought or "that the plaintiff's right to relief is necessarily dependent upon resolution of a substantial question of federal law." Id. (quoting Franchise Tax Bd. of State of Cal., 463 U.S. at 27–28).

Here, plaintiff's initial application invoked federal arising under jurisdiction pursuant to §§ 1331 and 1337, and identified the FAA as the basis for federal question jurisdiction. But while the FAA authorizes parties to file petitions to compel arbitration pursuant to Section 4 and

5

applications to confirm, vacate, or modify arbitral awards pursuant to Sections 9 through 11, those provisions do not supply a basis for federal question jurisdiction. See Badgerow, 132 S. Ct. at 1316 (citing Hall Street, 552 U.S. at 581-582 and Vaden, 556 U.S. at 59).  Instead, "[a] federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'"  Id. (quoting Hall Street, 552 U.S. at 582).  This "means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'"  Id. (quoting Vaden, 556 U.S. at 59).  If the applicant fails to do so, "the action belongs in state court."  Id. (noting the "prominent role" of state courts in enforcing arbitration agreements and collecting cases in support).

Plaintiff's application fails to identify a well-pleaded basis for federal question jurisdiction.  Neither § 1331 nor § 1337 provide an independent basis for federal question jurisdiction.  Sections 1331 and 1337 merely authorize the exercise of federal jurisdiction where a basis for it has been presented.  Plaintiff has not presented a cause of action pursuant to a federal statute nor has he presented a dispute that is dependent upon the resolution of a substantial question of federal law.  And as Goldman and Badgerow make clear, the FAA does not in itself create federal subject matter jurisdiction.

What plaintiff has presented in his application is a garden-variety breach of contract claim that he asserts was egregiously resolved by the arbitrator.  Absent a proper foundation for invoking federal jurisdiction, this type of claim belongs in state court.

In the face of defendant's jurisdictional challenge, plaintiff advances two alternative avenues to sustain federal jurisdiction.  Even assuming this court can deem such filings to be proper vehicles for presenting a showing of jurisdiction, the theories advanced by plaintiff fall short of the mark.

First, plaintiff's attempt to rely on "look-through" jurisdiction is unavailing. Plaintiff reasons that the underlying contract pertains to developmental and promotional assistance in securing a patent and bringing an invention to market. Thus, plaintiff posits that looking through to the underlying contract reveals that the agreement falls under the American Inventor's Protection Act, 35 U.S.C. § 297, which creates a sufficient federal interest in the parties' undertakings to permit jurisdiction pursuant to 28 U.S.C. § 1338. But plaintiff has not presented a claim that is brought pursuant to 35 U.S.C. § 297. And more to the point, the court made clear in Goldman that 'look through" jurisdiction only is applicable under Section 4 of the FAA, which governs proceedings to compel arbitration, and does not apply to applications to vacate an arbitration award. See Goldman, 834 F.3d 255 ("We therefore hold that a district court may not look through a § 10 motion to vacate to the underlying subject matter of the arbitration in order to establish federal question jurisdiction.").

Moreover, the Supreme Court has now definitely ruled that the "look through" approach that is applicable in proceedings commenced pursuant to Section 4 is limited exclusively to that section and does not extend to applications brought pursuant to Sections 9 through 11 of the FAA. Badgerow, 132 S. Ct. at 1318 (bedrock principles of jurisdiction and statutory construction preclude the extension of look through jurisdiction beyond Section 4 of the FAA). Accordingly, looking through the breach of contract claim plaintiff presents to the nature of the parties' underlying contract to supply subject matter jurisdiction is not a viable option.

Finally, although convoluted, plaintiff appears to assert that jurisdiction is present under Grable because the parties' contract is one that affects interstate commerce. To invoke this faucet of subject matter jurisdiction, plaintiff must have presented a well-pleaded complaint that presents a substantial and disputed federal issue which can be entertained "without disturbing

7

any congressionally approved balance of federal and state judicial responsibilities." <u>Goldman</u>, 834 F.3d at 256.

Plaintiff's application fails to meet the requirements for jurisdiction under <u>Grable</u> on multiple levels. First, plaintiff's submissions do not present a well-pleaded federal issue. Plaintiff's submissions do not even purport to present a claim that is predicated on a federal law or a substantial federal issue.

Second, even assuming the court should overlook the lack of a well-pleaded federal claim or issue, plaintiff's invocation of the commerce clause simply raises a concern that is too amorphous and generalized to present a substantial federal issue. "The substantiality inquiry . . . looks . . . to the importance of the issue to the federal system as a whole." <u>Goldman</u>, 834 F.3d at 258 (quoting <u>Gunn</u>, 133 S. Ct. at 1066). "It 'primarily focuse[s] not on the interests of the litigants themselves, but rather on the broader significance . . . for the Federal Government.'" <u>Id.</u>

Here, neither the underlying nature of the parties' contract nor the alleged errors committed by the arbitrator rise to the level needed to satisfy the substantiality requirement. The mere assertion that the arbitrator purportedly botched the analysis of plaintiff's contract claim presents nothing more than a routine claim for vacatur of an award rendered on a garden-variety breach of contract claim. Of course, such a claim fails to raise any concern that has market implications beyond "the interests of the litigants themselves." <u>Id.</u> In other words, such a claim falls well short of meeting the standards under <u>Grable</u> for federal subject matter jurisdiction.

Finally, recognizing plaintiff's proposed approach would upset the congressionally approved balance of federal and state responsibilities under the FAA. In this regard, the Supreme Court has long recognized the significant role state courts have in implementing the FAA. <u>Badgerow</u>, 142 S. Ct. at 1322. And "Congress chose to respect the capacity of state courts to properly enforce arbitral awards." <u>Id.</u>

8

Moreover, following plaintiff's invitation to recognize federal jurisdiction in an ordinary contract dispute simply because the contract is one that affects interstate commerce essentially would expand federal jurisdiction in conjunction with the FAA to virtually even contractual dispute subject to arbitration, a proposition that is antithetical to recognizing jurisdiction under Grable.  Cf. Goldman, 834 F.3d at 258-59 ("we decline to recognize federal question jurisdiction over the flood of cases that would enter federal courts if the involvement of a self-regulatory organization were itself sufficient to support jurisdiction.") (citing Grable, 545 U.S. at 318 (expressing concern with finding a substantial federal question in a state law claim when that "would have meant a tremendous number of cases" could enter federal court)).  In short, we are obligated to respect the balance Congress has drawn between federal and state court enforcement of the FAA and recognizing a federal exception under the FAA for contracts that are in or affect interstate commerce would distort grossly the balance that Congress has drawn.  Consequently, plaintiff's contention that jurisdiction may be assumed due to the connection the underlying contract has to interstate commerce must be rejected.

For the reasons set forth above, defendant's motion to dismiss will be granted and plaintiff's application to vacate or alternatively to confirm the underlying arbitration award will be dismissed without prejudice.  An appropriate order will follow.

Date: July 20, 2022

                                                       s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Gerald Sager
         Justin T. Barron, Esquire

         (*Via CM/ECF Electronic Mail*)